JONES ET AL., APPELLANTS, *v.* CONNOR, ADMR. ET AL., APPELLEES.

(No. 83AP-510—Decided August 30, 1983.)

*Mr. Richard M. Stein, Edward J. Cox Co., L.P.A.,* and *Mr. Edward J. Cox, Sr.,* for appellants Brenda Lee Jones et al.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Douglas M. Kennedy,* for appellees Administrator, Bur. of Workers' Comp., Industrial Commission and Mico Plastics, Inc.

STRAUSBAUGH, J. This is an appeal by appellants from a judgment of the Franklin County Court of Common Pleas sustaining appellees' motion to dismiss and dismissing appellants' action with prejudice.

The record indicates that decedent, Timothy E. Jones, was injured in the course of his employment on December 22, 1970; that the Bureau of Workers' Compensation assigned a claim number and recognized the condition of a cut to the left finger, aggravating a pre-existing sickle-cell anemia, for which decedent thereafter received temporary total disability benefits through January 23, 1972, in the sum of $3,260, and permanent partial disability benefits from January 24, 1972 to August 20, 1972, in the sum of $1,575. On July 16, 1974, decedent died as a direct result of the injuries. Notice of death was given the Bureau of Workers' Compensation by Roy Jones, decedent's father, who stated that he was the only dependent of the decedent. The father's application for death benefits was granted and he was awarded the sum of $3,000. On August 16, 1980, appellant Brenda L. Jones filed motions on behalf of Kevin L. Jones, decedent's son, seeking additional benefits for decedent's son. These motions were overruled through all

administrative levels, following which an appeal was taken to the court of common pleas in July 1982. Appellees filed a motion to dismiss on the grounds that appellants had failed to file the death claim within two years of the death of the decedent. The trial court sustained a motion to dismiss on the grounds that the claim was not filed within the two-year period required by R.C. 4123.84(A). It is from this judgment that this appeal is taken.

Appellants set forth the following single assignment of error:

"The trial court erred in granting the motion to dismiss of the defendant-administrator of the Bureau of Workers' Compensation."

R.C. 4123.84 provides in part:

"(A)  In all cases of injury or death, claims for compensation or benefits * * * shall be forever barred unless, within two years after the injury or death:

"* * *

"(3)  [*sic* (4)] Written notice of death has been given to the commission or bureau."

Appellees refer to Ohio Adm. Code 4123-3-08(D)(6), which states in part:

"Death claims, alleging that death is the result of injury, must be filed within two years of death or be forever barred * * *."

Appellees claim that appellants' claim must be denied because the filing of the claim for death benefits was perfected some six years after the death of the injured employee. It is admitted that notice of the death of decedent was given in writing to the Bureau of Workers' Compensation within two years after death, thereby satisfying the requirements of R.C. 4123.84(A). We observe that the administrative code rule above differs from the statute and reads similarly to the previous enactment of R.C. 4123.84(A). However, an administrative rule is powerless to alter a statute enacted by the General Assembly. Furthermore, since R.C. 4123.84(A) has been altered by the legislature to its present form, it is ap-

parent that it was the clear intention of the legislature to liberalize the requirement set forth in the administrative code section and the previous statute. Therefore, it is no longer necessary for death claims to be filed within two years of the date of death, but, rather, the only requirement is that written notice of death be given to the commission or bureau.

For the foregoing reasons, appellants' single assignment of error is sustained, the judgment is reversed and the cause is remanded for further proceedings in accordance with law and this decision.

*Judgment reversed*
*and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.